DONALD H. CRAM, III (State Bar No. 160004)
ADAM N. BARASCH (State Bar No. 158220)
BERNARD J. KORNBERG (State Bar No. 252006)
MARK D. LONERGAN (State Bar No. 143622)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 677-5548
Facsimile: (415) 677-5664
e-mail: bjk@severson.com

Attorneys for Creditor
WELLS FARGO DEALER SERVICES, INC.,
FKA WACHOVIA DEALER SERVICES, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re                                            )   Case No. 11-43767-WJL
NANCY DENYCE HART,                               )
                                                 )   Chapter 13
        Debtor(s).                               )
                                                 )
                                                 )   Date:    To be determined
                                                 )   Time:
                                                 )   Judge:   Hon. William J. Lafferty
                                                 )   Place:   1300 Clay Street
                                                 )            Suite 220
                                                 )            Oakland, CA 94612
                                                 )
                                                 )

**OBJECTION OF WELLS FARGO DEALER SERVICES, INC.,
FKA WACHOVIA DEALER SERVICES, INC. TO CONFIRMATION OF PLAN**

TO THE DEBTOR, DEBTOR'S ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Wells Fargo Dealer Services, Inc., fka Wachovia Dealer Services, Inc. (hereinafter "Secured Creditor") objects to the Chapter 13 Plan (hereinafter "Plan") of the above captioned debtor(s) (hereinafter "Debtor") for the following reasons:

**STATEMENT OF FACTS:**

Secured Creditor has a perfected security interest in Debtor's 2008 Jeep Liberty, Vehicle Identification No. 1J8GN28K18W262774 (hereinafter "Vehicle"), pursuant to a Motor Vehicle

Contract & Security Agreement dated **5/23/2009** (hereinafter "Contract") entered into between Debtor and Secured Creditor's predecessor-in-interest ("Dealer").  A true and correct copy of the Contract is attached hereto as Exhibit A.  Upon execution of the Contract Debtor was obligated to pay Secured Creditor $24,442.75 at an annual percentage rate of 6.99% over 72 monthly payments of $416.60.

The net payoff under the Debtor's Contract, as of the petition date, was $18,066.14 and the Debtor's Plan proposes to value the Vehicle at $11,950.00, payable at 8.00% with a monthly payment of $275.00.

**THE PLAN'S PROPOSED VEHICLE VALUE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that the Vehicle value set forth in the Plan fails to provide Secured Creditor with the full value of its claim in violation of 11 U.S.C. § 1325.  The present payoff under the Debtor's Contract is $18,066.14 and the Debtor's Plan proposes to value the Vehicle at $11,950.00.  The Bankruptcy Act effective 10/17/2005 provides that, for purposes of paragraph 5 of § 1325(a), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt consisting of a motor vehicle for personal use by the debtor if the debt was incurred within 910 days preceding Debtor's petition date.  Debtor executed the Contract for the Vehicle on 5/23/2009, 318 days preceding the date of the filing of Debtor's petition on 4/06/2011.  Therefore, Debtor's attempt to cram down the value of the Vehicle is in violation of § 1325(a)(9) and Secured Creditor's claim should be allowed in its entirety in the amount of $18,066.14.  Therefore, in order to confirm the Plan over Secured Creditor's objection, the Plan must provide for payment of Secured Creditor's claim in the full amount of $18,066.14.

**CONCLUSION:**

WHEREFORE, Secured Creditor respectfully requests that the Court sustain its objection(s) and deny confirmation of Debtor's proposed Plan.  Alternatively, Secured Creditor

requests the Court order that:

1. The Debtor's Plan be amended to provide for Secured Creditor's claim to be secured in the full amount of $18,066.14;

2. Secured Creditor be awarded its reasonable attorneys' fees and costs incurred in protecting its security interest by objecting to the Debtor's proposed Plan; and

3. Secured Creditor be afforded such further relief as this Court deems necessary and proper.

DATED: May 11, 2011

                         SEVERSON & WERSON, P.C.

                         By: /s/ Bernard J. Kornberg
                         Adam N. Barasch / Bernard J. Kornberg

                         Attorneys for Wells Fargo Dealer Services, Inc., fka Wachovia Dealer Services, Inc.